IN RE ORDER OF RAILROAD COMMISSIONERS, RUTLAND RAIL-
ROAD COMPANY, APPELLANT.

May Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, POWERS, and
MILES, JJ.

Opinion filed May 28, 1906.

*Railroad Commissioners—Jurisdiction—Order as to Opera-
tion of Railroad—Sufficiency of Notice to Railroad Co.
—V. S. 3987, 3989.*

Where a railroad company on whose road an accident had occurred
resulting in death, was duly notified by the Railroad Commission-
ers to the effect only that at a stated time and place they would
conduct a public investigation as to the cause of said accident,
said Commissioners had no jurisdiction, upon the conclusion of
said investigation, to make an order on said railroad company
directing as to the manner of operating its locomotives, though it
appeared at said hearing by counsel and participated in said in-
vestigation.

Where the Railroad Commissioners exceeded their authority and made
such an order on the railroad company, it has a right of appeal
therefrom to the Supreme Court by virtue of the statute.

APPEAL to the Supreme Court for the County of Rutland,
by the Rutland Railroad Company, from an order of the Rail-

road Commissioners. Heard at the May term, 1906. The opinion states the case.

*H. Henry Powers* for the Appellant.

*Clarke C. Fitts,* Attorney General, for the State.

An objection to the jurisdiction of the person is waived by a general appearance, and especially when the person so appearing goes further and appeals, under a statutory provision, to a court of last resort. *Kansas R. R. Co.* v. *Rodebaugh,* 5 Am. St. Rep. 715; *Gay* v. *Colco,* 33 Am. St. Rep. 122; *In re Crawford,* 96 Am. St. Rep. 648; *Hammond* v. *Wilder,* 25 Vt. 344; *University* v. *Joslyn,* 21 Vt. 52; *Collamer* v. *Page,* 35 Vt. 387.

TYLER, J. It appears that the Railroad Commissioners gave due notice to the Rutland Railroad Co. that they would hold a session at Bennington on November 21, 1905, for the purpose of making public investigation of the cause of an accident to Harris Lindsley and Evelyn P. Willing which occurred on the Rutland Railroad in Bennington, August 14, 1905. The notice contained a request to the Railroad Company to produce before the Commissioners all persons who were in the employment or under the control of the Company who could give pertinent testimony in regard to the accident and all records, reports, train orders and documents which related to the matter.

A meeting was held by the Commissioners pursuant to the notice, when the estates of the decedents and the Railroad Company were represented by counsel and the State by the State's Attorney of Bennington County. An investigation was then made of the cause of the accident, a large number of

witnesses being examined, and the scene of the accident being visited by the Commissioners who subsequently made their report which was in substance, that Mr. Lindsley and Miss Willing were approaching the railroad track from the East, in an automobile, which was running at a high rate of speed, just as passenger train No. 366 of the Railroad Company was approaching from the West, and that a collision occurred at Pike's Crossing resulting in the instant death of Mr. Lindsley and Miss Willing.

The Commissioners found that the primary cause of the accident was the carelessness of the chauffeur of the automobile in running it so fast and in approaching the crossing without using his senses to ascertain whether or not a train was approaching the crossing. It was also found that the Railroad Company was in fault in backing its engine at the head of the train; that the engineer's view of the crossing was somewhat obstructed by the tender to the engine; that if the engine had been headed toward Bennington and the engineer had been upon the watch as he approached the crossing, he could have seen the automobile in season to have slowed the train and avoided the collision; that the Railroad Company had been operating its trains in this manner two years, and that it had facilities for turning its engines at North Bennington so it could have run its engines head forward.

The Commissioners thereupon made an order that on and after January 10, 1906, the Railroad Company should operate its passenger and freight trains on the Bennington branch with the engines ahead and headed in the direction in which the trains were moving. From this order the Railroad Company appealed to this Court.

The hearing of November 21, 1905, was held under V. S. 3987, which only provides for an investigation by the

Commissioners into the cause of an accident that has occurred upon a railroad, and this section requires that they shall make public their conclusions thereon.

The only authority of the Commissioners to make the present order is found in V. S. 3989, as amended by No. 68, Acts of 1902, which is as follows:

"When in the judgment of the Commissioners, after investigation and hearing, upon reasonable notice to all persons interested, it appears * * * that any change * * * in the manner of operating the road and conducting its business is reasonable and expedient in order to promote the security, convenience and accommodation of the public * * * the Commissioners shall order the same, and after giving notice of such orders, may fix a time when the same shall be made. * * * A corporation owning or operating a railroad shall comply with such orders * * * ." For disobedience of such order a heavy fine is imposed.

No notice was given or hearing had under this provision of the statute, therefore, the Commissioners had no authority to make the order in question.

The Railroad Company did not submit to the jurisdiction of the Commissioners to make the order by appearing at the hearing for the reason above stated, that the hearing was held only in pursuance of the notice of the Commissioners to investigate the cause of the accident. When the Commissioners exceeded their authority and made the order, the Railroad Company had a right of appeal therefrom to this Court by virtue of the statute. It now claims that upon a hearing under V. S. 3989, as amended, it can show that it had justifiable cause for running its engine backward.

*Judgment that .the order of the Commissioners is null and void, and it is set aside and held for naught.*